UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SONNY DESPOSITO, | Civil Action No. 14-1641 (MCA) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

This matter has been opened to the Court by Defendants Detective James McMorrow, Officer Michael Pontillo, Detective Robert Saul, Jr., Robert DelCorpo, Sergeant John Murphy, and Karen Eramo's filing of three separate motions for summary judgment seeking dismissal of Plaintiff's Second Amended Complaint ("SAC"), *see* ECF Nos. 66, 67, 69, as well as Plaintiff's request to reopen discovery. ECF No. 77. For the reasons explained herein, the Court denies Plaintiff's request to reopen discovery, grants the motions for summary judgment as to all Moving Defendants on the federal claims, and dismisses the federal claims against the John Doe Bailiffs under 28 U.S.C. § 1915(e). The Court declines supplemental jurisdiction over the remaining state law claims for relief. The Court also directs the Clerk of the Court to sever and re-docket Plaintiff's recent motion as a petition for relief under 28 U.S.C. § 2241, *see* ECF No. 78, and denies his request to join a purported class action. ECF No. 80.

I. **UNDISPUTED MATERIAL FACTS & PROCEDURAL HISTORY**

   a. **Factual Background**

On April 20, 2008, an armed robbery took place in a motor vehicle in the Borough of

1

Westwood at the intersection of Fitzgerald Place and Princeton Place (hereafter "the Westwood Robbery"). *See* Statement of Undisputed Material Facts of Michael Pontillo and Robert Saul, Jr. (Pontillo SUMF") ¶ 6. Defendants Michael Pontillo and Robert Saul, Jr. were officers with the Westwood Police Department. *See id.* Detective Robert Saul, Jr. was the lead detective assigned to the case. SUMF at ¶ 7. Saul is since retired from the Westwood Police Department. *Id.* Sergeant Michael Pontillo was also involved in the investigation of the Westwood Robbery. Sergeant Pontillo is now Chief of Police in Westwood. *Id.* It is undisputed that Detective Saul and Sergeant Pontillo conducted the investigation and arrest, filed the charges, participated in the Grand Jury proceedings, and testified at Plaintiff's trial in March 2012. *See* Pontillo SUMF ¶ 17.

Shortly after the Westwood Robbery, the victims reported the crime to the Westwood Police. Pontillo SUMF ¶ 8. It was reported that an unknown assailant, with the seemingly tacit assistance of another individual who was driving with the victims, robbed the victims, Anthony Peterson and Jennifer Rothenhousen, of their cash, wallets, licenses and jewelry while placing Peterson in a chokehold and pointing a gun at both of them. *Id.* The assailant threatened the victims not to go to the police since he had their identities and "he would find them." *Id.*

Victim Anthony Peterson also advised the Westwood Police Department that a friend of his told him that Sonny Deposito, whom the friend identified as "the kid with the dreads" had been in the area and was the one who had robbed him and Jennifer, and that this matched the description of the person who had robbed him. SUMF ¶ 9.

As part of the investigation of the crime, Sergeant Pontillo and Detective Saul took statements from the victims, collaborated with police departments from surrounding towns and presented the victims with a photo array lineup prepared by the Bergen County Sheriff's Office.

2

Pontillo SUMF ¶ 10. It is undisputed that the photo array lineup contained a previous arrest photo of Sonny Desposito out of River Vale, NJ, based on the information supplied by victim Anthony Peterson.[1] Pontillo SUMF at ¶ 11. After reviewing the photos, victim Jennifer Rothenhousen identified Sonny Desposito as the perpetrator of the crime and asserted that her level of certainty was "at least 90%." *Id.*

Victim Anthony Peterson declined to make a positive identification of the perpetrator from the photos, explaining that since he was driving the vehicle, he had a limited time to observe the actor. Pontillo SUMF at ¶ 12. As noted above, Mr. Peterson had previously supplied the police department with the name of Sonny Desposito, based on information received from a friend. *Id.*

Both victims also gave written statements about the crime and suspects to the Westwood Police. Pontillo SUMF at ¶ 13. Defendants Pontillo and Saul sought an arrest warrant against Sonny Deposito, and an arrest warrant was issued by Judge Alan Karch, J.M.C. on April 23, 2008. Pontillo SUMF at ¶ 14.

Desposito was arrested at his home in River Vale, NJ on April 24, 2008 without incident. SUMF at ¶ 15. A piece of notebook paper with the phone number of the other individual in the car with the victims was found in Sonny Desposito's bedroom after his arrest. *Id.*

On November 12, 2008, a Bergen County Grand Jury handed up indictment number 08-11-1877-I, charging Plaintiff with (1) one count of first-degree robbery; (2) one count of second-degree unlawful possession of a firearm; (3) one count of second-degree possession of a firearm without a permit to carry; and (4) two counts of fourth-degree assault. *See* Statement of

---

[1] Plaintiff alleged in his SAC that Defendants Murphy, Eramo, and DelCorpo participated in the conspiracy to maliciously prosecute Plaintiff by facilitating a suggestive photo lineup at the direction of the other Officer Defendants. *See* SAC at ¶¶ 6-8.

Undisputed Material Facts of James McMorrow SUMF ("McMorrow SUMF") ¶ 2 (citing Exhibit D – Indictment Number 08-11-1877-I); Pontillo SUMF ¶ 16.

On March 2, 2012, the county prosecutor voluntarily dismissed all charges except the first-degree robbery charge.  *See* McMorrow SUMF ¶ 3 (citing Exhibit E – Judgment of Acquittal); DelCorpo SUMF ¶ 3.  At the conclusion of the 2012 trial, a jury found Desposito "not guilty" of the charges against him.[2]  Pontillo SUMF ¶ 18; McMorrow SUMF ¶ 4; DelCorpo SUMF ¶ 4.

    b. **Procedural History**

Plaintiff filed his original Complaint on or about March 14, 2014.  *See* ECF No. 1.  The original and subsequent complaints in this matter arise from Plaintiff's arrest and prosecution for the Westwood Robbery.

On August 6, 2014, Plaintiff submitted an Amended Complaint.  ECF No. 8.  This Court granted Plaintiff's IFP application on May 5, 2015, screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed with prejudice the Amended Complaint as to the State of New Jersey, the Bergen County Prosecutor's Office, Prosecutor John Molinelli, Assistant Prosecutor Natalie Suarez Canella, Assistant Prosecutor Maria Rockfol, Prosecutor James Donohue, the Westwood Police Department, the Bergen County Sheriff's Department, the Honorable Donald R. Venezia, J.S.C., and the Office of the Public Defender.  ECF No. 18.  The

---

[2] Plaintiff alleges in his SAC that Detective McMorrow threatened Betty Mastarrigo, a trial witness, with arrest if she did not recant her alibi statement and testify against Plaintiff at trial. *See* SAC ¶ 17. Plaintiff further alleges that Ms. Mastarrigo "stated to [Joe Ascolese, a defense alibi witness,] that she was threatened by [Detective] McMorrow[] to change her original[] statement." *See* SAC ¶ 21.  Plaintiff also alleges that that Detective McMorrow also unsuccessfully attempted to intimidate another witness, Joey Hilfebean. *See* SAC ¶ 18.  Finally, Plaintiff alleges that Detective McMorrow conspired with other named co-defendants to unlawfully "manipulate[] and manufacture[] evidence . . . against Plaintiff" in Plaintiff's state court criminal proceeding. *See* SAC ¶ 3.

4

Court also dismissed as time barred Plaintiff's claims against all Defendants for false arrest, false imprisonment, conspiracy to falsely arrest, conditions of confinement, destruction of property, and under *Monell*. *See* ECF Nos. 18-19.

The Court permitted Plaintiff's malicious prosecution claim against Detective James McMorrow, Officer Michael Pontillo, Detective Robert Saul, Jr., Robert DelCorpo, Sergeant John Murphy, and Karen Eramo to proceed past the *sua sponte* dismissal stage. *See id.* Plaintiff's First Amendment retaliation claim and Fourteenth Amendment conditions of confinement claims against the unidentified Bergen County Sheriffs were also proceeded. *Id.* The Court dismissed the remaining claims and Defendants without prejudice. *Id.*

Plaintiff subsequently sought a stay, ECF Nos. 22, which was granted by the Court, ECF No. 24, and additional time to submit a Second Amended Complaint. ECF Nos. 25, 29. Thereafter, on December 2, 2015, Plaintiff submitted a Second Amended Complaint, ECF No. 30, which the Court screened for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 35.

The SAC reasserts that McMorrow, Pontillo, Saul, Jr., DelCorpo, Murphy, and Eramo conspired to maliciously prosecute Plaintiff for the Westwood Robbery. At screening, the Court once again permitted the § 1983 conspiracy claim in the SAC to proceed against Defendants McMorrow, Pontillo, Saul, DelCorpo, Murphy, and Eramo.[3] The Court also permitted Plaintiff's state law claims for intentional infliction of emotional distress to proceed against Defendants McMorrow, Pontillo, Saul, and the second Bailiff. The Court dismissed this claim without prejudice as to the remaining Defendants. The Court also proceeded First Amendment retaliation

---

[3] In his Amended Complaint Plaintiff alleged he was acquitted of the charges arising from the Westwood Robbery in March 2012 following a jury trial. In the SAC, Plaintiff did not allege any facts suggesting that the 2012 trial terminated in his favor. In screening the SAC, the Court inferred that that the proceedings terminated in Plaintiff's favor based on the allegations in the Amended Complaint.

claims against the two unidentified Bailiffs/Sheriffs. The Court dismissed the remaining claims and Defendants at screening.[4]

On July 26, 2019, summons issued as to Detective James McMorrow, Officer Michael Pontillo, Detective Robert Saul, Jr., Robert DelCorpo, Sergeant John Murphy, and Karen Eramo. On December 6, 2019, Defendants DelCorpo, Murphy, and Eramo filed their Answer. *See* ECF No. 49. After issues with service, Pontillo and Saul filed their Answer on March 24, 2020, and McMorrow filed his Answer on July 2, 2020. ECF No. 60, 63.

The initial pretrial scheduling Order set a discovery end date of March 31, 2020. ECF No. 50. That deadline was twice extended at the request of the parties. The deadline was initially extended to July 31, 2020. ECF No. 55. The Magistrate Judge extended discovery again through September 15, 2020; Defendants were provided leave to move for summary judgment on or before September 30, 2020. *See* ECF No. 58. On June 23, 2020, the Court also denied Plaintiff's request for counsel by separate Memorandum and Order. *See* ECF No. 59.

On September 29, 2020, Defendants Pontillo and Saul moved for summary judgment. ECF No. 66. On September 30, 2020, Defendant McMorrow moved for summary judgment.

---

[4] In screening the SAC, the Court declined to revisit issues decided in its prior screening Opinion. As such, the Court dismissed the State of New Jersey <u>with prejudice</u> for the reasons stated in its prior screening Opinion. Furthermore, to the extent the Second Amended Complaint re-raised claims for false arrest, false imprisonment, conspiracy to falsely arrest/falsely imprison, conditions of confinement, and destruction of property against any of the Defendants, such claims, which arise out of conduct in 2008 and 2009, were once again dismissed as time barred, as explained in the Court's prior screening Opinion.

The Court also dismissed the § 1983 claims as to Defendant Joshua T. Buckner, who acted as Plaintiff's retained counsel prior to trial, the claims against the Law Firm of Sunshine Atkins Minassin, Tafuri, and D'Amato, and the claims against Louis Acevedo and James Gizzi, who represented Plaintiff from November 18, 2011 through March 27, 2012. The Court also dismissed the claims against the Municipality of Westwood as well as the John and Jane Does 1-20.

ECF No. 67.  On December 11, 2020, Defendants Murphy, Delcorpo, and Eramo sought leave to file a late summary judgment motion, which was granted by the Magistrate Judge.  ECF Nos. 68-70.

Plaintiff did not file opposition and, instead, on February 19, 2021, he submitted what appeared to be a disciplinary appeal from disciplinary sanctions imposed at Fort Dix.  ECF No. 71.  On May 25, 2021, the Court directed the Clerk of the Court to sever and re-docket Plaintiff's submission as a separate action; in light of Plaintiff's pro se status, the Court also provided Plaintiff with an additional 30 days to submit his opposition to the summary judgment motions.  *See* ECF No. 73.

Plaintiff wrote a one-page letter to the Court on June 10, 2021, and appears to claim that the Bureau of Prisons is censoring and/or intercepting his legal correspondence.  *See* ECF No. 74.  He appears to allege that this "policy" has prevented him participating in discovery.  *See id.* Plaintiff also asks the Court not to consider Defendants Murphy, Delcorpo, and Eramo's summary judgment motion, which the Magistrate Judge permitted Defendants to file out of time.  Plaintiff makes no other substantive arguments in opposition to the summary judgment motions.  On September 9, 2021, Plaintiff wrote again to the Court seeking permission to file interrogatories despite the fact that discovery closed on September 15, 2020.  ECF No. 77.  Plaintiff reiterates, again without any evidence to support his allegations, that his mail has been "intercepted, rerouted, or disappeared."  *Id.*

II. **STANDARD OF REVIEW**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir.

1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party must "go beyond the pleadings" and "designate specific facts" in the record "showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

### III. DISCUSSION

#### a. Plaintiff's Request to Reopen Discovery

Plaintiff has not filed a substantive opposition brief to Defendants' summary judgment motions and instead appears to ask the Court to reopen discovery. In light of his pro se status, the Court liberally construes Plaintiff seek the reopening of discovery under Fed. R. Civ. P. 56(d). Rule 56(d) provides that, after a motion for summary judgment is filed, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The Third Circuit has held that an affidavit requesting such discovery is adequate if it specifies (1) "what particular information is sought; [ (2) ] how, if uncovered, it would preclude summary judgment; and [ (3) ] why it has not previously been obtained." *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 139–40 (3d Cir.1988)) (internal quotation marks omitted). If the nonmoving party submits

an affidavit that meets these three requirements, the Third Circuit has observed that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir.1984) (quoting *Costlow v. United States*, 552 F.2d 560, 564 (3d Cir.1977)).  This is especially true where "relevant facts are under control of the party moving for summary judgment." *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir.2015); *see also Banks v. City of Philadelphia*, 309 F.R.D. 287, 291–92 (E.D. Pa., 2015).

Here, however, Plaintiff has not specified what particular information or evidence he is seeking if discovery is reopened, how that information or evidence would preclude summary judgment, or why it was not previously obtained. *Sebelius*, 674 F.3d at 157.  Moreover, it also appears that Plaintiff has either failed to take advantage of discovery or has failed to raise his discovery issues to the Magistrate Judge in a timely manner.  In order to justify the reopening of discovery, a plaintiff must "affirmatively demonstrate[ ], with specificity, diligent efforts on his or her part and unusual circumstances which have frustrated those efforts." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir.1986).  "A request for relief under Rule 56( [d] ) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery." *Id.* (quoting 10A Wright & Miller, Federal Practice and Procedure § 2741 (1983)) (internal quotation marks omitted).  Finally, Plaintiff's conclusory allegations that the Bureau of Prisons is censoring or intercepting his mail also fails to provide a basis for avoiding summary judgment, as he provides no proof his mail has been intercepted or how this alleged interception has affected his ability to litigate this matter.  For these reasons, Plaintiff's eleventh hour requests to reopen discovery are denied.

### b. The Summary Judgment Motions

Having denied Plaintiff's requests to reopen discovery, the Court addresses the summary judgment motions on the merits. As recounted in the Procedural History above, the Court proceeded § 1983 claims for malicious prosecution and conspiracy against Detective James McMorrow, Officer Michael Pontillo, Detective Robert Saul, Jr., Robert DelCorpo, Sergeant John Murphy, and Karen Eramo. The Court also proceeded First Amendment retaliation claims against the John Doe Bailiffs. Finally, the Court proceeded state law claims for intentional infliction of emotional distress against Defendants McMorrow, Pontillo, Saul, and the second Bailiff.

The Court begins with the malicious prosecution and conspiracy claims. The SAC alleges that Detective James McMorrow, Officer Michael Pontillo, Detective Robert Saul, Jr., Robert DelCorpo, Sergeant John Murphy, and Karen Eramo conspired to maliciously prosecute Plaintiff for the Westwood Robbery. It is well-established that at summary judgment, a plaintiff must go beyond the pleadings and provide evidence to support his claims for relief. *See Nunez v. McCool*, No. 21-3321, 2022 WL 1315087, at *2 (3d Cir. May 3, 2022) (citing *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000) (noting that, "[a]t summary judgment, a plaintiff cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial"). Here, Plaintiff has not provided any evidence that the Defendants violated his constitutional rights by conspiring to maliciously prosecute him for the Westwood Robbery.

To prove malicious prosecution, Plaintiff must show: (1) Defendants started a criminal proceeding against him; (2) the criminal proceeding ended in his favor; (3) they started the proceeding without probable cause; (4) they "acted maliciously or for a purpose other than

10

bringing the plaintiff to justice"; and (5) he was deprived of liberty. *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). Under prong three, a showing of probable cause is a complete defense. *Goodwin v. Conway*, 836 F.3d 321, 327 (3d Cir. 2016); *see also Wildoner v. Borough of Ramsey*, 744 A.2d 1146, 1154 (2000).

Although Plaintiff was ultimately acquitted at trial, the evidence provided by Defendants shows there was probable cause for Plaintiff's arrest and prosecution based on statements and identifications by the victims of the Westwood Robbery. *See Moore v. Carteret Police Dept.*, 254 F. App'x. 140, 143, 2007 WL 3326837, at *2 (3d Cir. 2007) (malicious prosecution claim failed because witness's statements provided a sufficient basis for obtaining and executing a warrant). It is also undisputed that Plaintiff was indicted by a grand jury. In a malicious-prosecution suit, "a grand jury indictment ... constitutes prima facie evidence of probable cause," *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989); *see also Goodwin*, 836 F.3d at 329 n.35 (indictment provides "presumption of probable cause"). Plaintiff can rebut the presumption only by showing that the indictments resulted from "fraud, perjury or other corrupt means." *Rose*, 871 F.2d at 353. Plaintiff has not provided <u>any evidence</u> that the indictment was obtained by fraud, perjury, or other corrupt means. Nor has Plaintiff provided <u>any evidence</u> that Defendants conspired to maliciously prosecute him by creating a suggestive photo array, intimidating witnesses, or manufacturing evidence at his trial. As such, summary judgment is granted to Defendants Detective James McMorrow, Officer Michael Pontillo, Detective Robert Saul, Jr., Robert DelCorpo, Sergeant John Murphy, and Karen Eramo on Plaintiff's malicious prosecution and conspiracy claims.

The federal claims against the unidentified John Doe Bailiffs are dismissed under the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), as Plaintiff has neither identified nor served these Defendants.

Under 28 U.S.C. § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). The Court declines supplemental jurisdiction over Plaintiff's state law claims for IIED.

Finally, the Court addresses Plaintiff's unrelated submissions. On February 24, 2022, Plaintiff improperly filed a motion in this civil rights action seeking relief under the Second Chance Act. *See* ECF No. 78. Because Plaintiff is potentially seeking relief under 28 U.S.C. § 2241, the Court will the direct the Clerk of the Court to sever and docket ECF No. 78 in the Camden Vicinage as a petition for relief under 28 U.S.C. § 2241.[5]

On September 1, 2022, Plaintiff also filed a nearly illegible request to "join" a purported class action regarding COVID-19 safety protocols at USP Fort Dix, where he is currently confined. This request is denied without prejudice to Plaintiff's filing of a new civil rights action regarding his conditions of confinement at USP Fort Dix, along with the appropriate filing fee or application to proceed *in forma pauperis*. Plaintiff is notified that the Court will not continue to accept unrelated requests for relief in this action once it is closed, and Plaintiff should file such submissions as new actions with the appropriate filing fee or application to proceed *in forma pauperis*.

---

[5] Plaintiff must pay the 5.00 filing fee or seek to proceed *in forma pauperis* in this new action.

## IV. CONCLUSION

For the reasons explained in this Memorandum Opinion, the Court denies Plaintiff's request to reopen discovery, grants summary judgment as to the Moving Defendants on the federal claims, dismisses the federal claims against the John Doe Bailiffs under § 1915(e), and declines supplemental jurisdiction over the remaining state law IIED claims. The Court also directs the Clerk of the Court to sever and re-docket ECF No. 78 in the Camden Vicinage as a § 2241 petition, and denies without prejudice Plaintiff's request to join a purported class action at Fort Dix. Having dismissed the federal claims and having declined supplemental jurisdiction, this matter shall be CLOSED. An appropriate Order follows.

_____
Madeline Cox Arleo, District Judge
United States District Court

DATED: September  30 , 2022.